UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD R. COOK, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   Case No. 4:24-cv-776 JSD |
| OFFICER M. YETMAN, et al., | ) ) ) |
|       Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Self-represented Plaintiff Donald R. Cook brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.87. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint. Furthermore, as there is no constitutional right to appointment of counsel in civil cases and it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's motion for counsel (ECF No. 2), subject to refiling at a later date.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff is a Missouri state prisoner at Boonville Correctional Center (BCC).  ECF No. 1 at 2.  In support of his motion to proceed without prepaying fees and costs (ECF No. 3), Plaintiff submitted an inmate account statement showing average monthly deposits of $9.33 and an average monthly balance of $0.84 (as of the third of each month).  ECF No. 4.  The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $1.87, which is twenty percent of Plaintiff's average monthly deposits.  *See* 28 U.S.C. § 1915(b)(1).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against three defendants: (1) M. Yetman; (2) A. Shumate; and (3) St. Francois County Sheriff's Department.  ECF No. 1 at 1-3.  Plaintiff describes the two individual defendants as employees (police officer or corporal sheriff) of the St. Francois County Sheriff's Department.  He brings his claims against these defendants in both their individual and official capacities.  *Id.* at 2-3.

Plaintiff alleges that officers Yetman and Shumate beat him in the back of their patrol car when transporting him to jail.  In Plaintiff's own words:

> During transport from the scene to the jail in the area of U.S. 67 and Shannon Road[,] the transporting officer Yetman pulled over and turned off all his recording devices.  Upon stopping Yetman and Shumate entered the back doors of the patrol[] car and began to beat me with flash lights and tazers.  This went on for

> approximately 10 minutes. I was tazed in my arm, my genital area and hit repeatedly about the head and shoulders. My intake pictures in D.O.C. show the damage to my face. They then made a false police report claiming I injured myself. I requested camera footage and there is a lapse in recording.

*Id.* at 3-4.

As a result of this incident, Plaintiff states that he suffered severe head trauma, mental trauma, chronic headaches, sleep problems, and severe anxiety. *Id.* at 4. For relief, Plaintiff seeks damages and injunctive relief; specifically, he wants the two employee defendants fired. *Id.* at 5.

**Plaintiff's State Court Criminal Background**

To better understand the circumstances and timing of the incident described by Plaintiff, the Court looks to Plaintiff's criminal history on Missouri Case.net, the State of Missouri's online docketing system. Independent review of Plaintiff's criminal background suggests that the incident discussed in Plaintiff's complaint occurred in December 2022, after Plaintiff attempted to evade arrest in a high-speed vehicle and foot pursuit with defendant police officers. *See State v. Cook*, No. 23SF-CR01311 (24th Jud. Cir. filed Oct. 26, 2023). According to the probable cause statement signed and filed by "Matthew Yetman"[1] of the St. Francois County Sheriff's Department, "[o]n December 12, 2022, in St. Francois County, Missouri, on US Highway 67" Plaintiff was driving a suspected stolen vehicle with no plates when Yetman attempted to pull him over. Instead of stopping, Plaintiff accelerated away and led Yetman on a high-speed vehicle pursuit. During the chase, Plaintiff forced other vehicles off the road, drove into the opposing lane of traffic and through the backyard of a house, failed to stop at stoplights, and reached speeds of 100 miles per hour. Eventually, Plaintiff crashed his vehicle into a tree and fled on foot. At that point, "Corporal Shutmate"[2] and his canine partner tracked and located Plaintiff. *Id.* at *Probable Cause Statement* (filed Oct. 26, 2023).

---
[1] The Clerk of Court will be directed to update the docket sheet to reflect this full name for defendant Yetman.
[2] The Clerk of Court will be directed to update the docket sheet to reflect this spelling of defendant's last name.

Based on state court records, it appears that at the time of this incident in December 2022, Plaintiff was on probation in a different state court matter. *See State v. Cook*, No. 20JE-CR05149 (23rd Jud. Cir. filed Dec. 23, 2020). In that matter, Plaintiff plead guilty in March 2022 to second degree burglary and was sentenced to seven years. However, the state court suspended his sentence and put him on probation. But, after the December 2022 chase and arrest described above, the state court held a probation revocation hearing wherein Plaintiff confessed to a probation violation. As a result, in November 2023, Plaintiff's suspended sentence was revoked, and he was sentenced to seven years with the Missouri Department of Corrections. *Id.*

A few months later, in the criminal case resulting from the vehicle chase in December 2022, Plaintiff plead guilty to charges of possessing a controlled substance, tampering with a motor vehicle, and resisting arrest. *State v. Cook*, No. 23SF-CR01311-01 (24th Jud. Cir.). In January 2024, Plaintiff was sentenced to seven years total, to run concurrent with his other sentences.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

Taking Plaintiff's factual allegations as true—as the Court must at this stage in the proceeding—the Court will direct that process issue on the complaint as to defendants Yetman and Shutmate on Plaintiff's claim of excessive force, in their individual capacities only. Plaintiff's official capacity claim against these individual defendants will be dismissed because Plaintiff fails to allege that the individual defendants' actions resulted from any municipal policy, custom, or deliberately indifferent failure to train or supervise. Finally, because sheriff departments are not suable entities under 42 U.S.C. § 1983, Plaintiff's claim against St. Francois County Sheriff's Department will be dismissed for failure to state a claim.

**I.     Defendants Yetman and Shutmate**

    **a.  Individual Capacity Claims**

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018) (internal citation omitted); *see also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005)

("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen") (internal quotations omitted).  The violation of this right is sufficient to support an action under §1983.  *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Based on Plaintiff's accusations, after he had been restrained and placed in the back of the patrol car, officers Yetman and Shutmate beat him.  Plaintiff suffered injuries to his head and face, resulting in problems with headaches and sleeping.  Plaintiff's complaint contains enough factual allegations to state a claim of excessive force on arrest against Yetman and Shutmate in their individual capacities.  *See Blazek v. City of Iowa City*, 761 F.3d 920, 925 (8th Cir. 2014) (quoting *Henderson v. Munn*, 439 F.3d 497, 503 (8th Cir. 2006) ("when a person is subdued … a 'gratuitous and completely unnecessary act of violence' is unreasonable and violates the Fourth Amendment.")); *see also Johnson v. Grisham*, 827 F. App'x 612 (8th Cir. 2020) (reversing preservice dismissal of excessive force claim because it was not clear that "the allegations … have no arguable basis in law or fact").

### b. Official Capacity Claims

However, a suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Accordingly, an official-capacity suit generally represents a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Plaintiff's official-capacity claims against Yetman and Shutmate must be treated as claims against the governmental entity which employs them – St. Francois County. In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, Plaintiff has not alleged that the individual defendants' actions resulted from any municipal policy, custom, or deliberately indifferent failure to train or supervise. Plaintiff does not present any evidence of a particular St. Francois County policy which has caused him harm. There is also no assertion of a pattern of unconstitutional misconduct constituting a municipal custom. Finally, Plaintiff alleges no facts establishing that St. Francois County had notice that its training procedures were inadequate. Therefore, Plaintiff fails to state a municipal liability claim against St. Francois County. For this reason, Plaintiff's official capacity claims against Yetman and Shutmate—employees of St. Francois County—fail to state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**II.     Defendant St. Francois County Sheriff's Department**

Plaintiff makes no specific allegations of harm against defendant St. Francois County Sheriff's Department in his complaint. The Court assumes that he seeks to hold the Department liable for the actions of officers Yetman and Shutmate. However, Plaintiff brings this suit under 42 U.S.C. § 1983. Jails and subdivisions of local government (like sheriff's departments) are not suable entities under § 1983. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003)

(affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983).

According to the Eighth Circuit, "pro se status does not excuse [a plaintiff's] failure to name the proper parties." *Jackson v. Mo. Bd. of Prob. & Parole*, 306 F. App'x 333, 333 (8th Cir. 2009). As such, Plaintiff's complaint fails to state a valid § 1983 claim as to defendant St. Francois County Sheriff's Department. This defendant will be dismissed for failure to state a claim upon which relief will be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## Appointment of Counsel

Finally, Plaintiff has filed a motion for appointment of counsel. ECF No. 2. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Once a plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves consideration of several relevant criteria, including the complexity of the legal issues and arguments, the ability of the indigent person to investigate the facts and present the claims, and the existence of conflicting testimony. *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.87 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket sheet in this matter to reflect that the correct name of defendant "Officer M. Yetman" is "Matthew Yetman."

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket sheet in this matter to correct the last name spelling of defendant "Shumate" to "Shutmate."

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant St. Francois County Sheriff's Department because, as to this defendant, the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendant St. Francois County Sheriff's Department are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on the complaint as to Plaintiff's claim of excessive force against defendants Matthew Yetman and A. Shutmate, in their individual capacities only.  Defendants Matthew Yetman and A. Shutmate shall be personally served by issuance of summons and service by the U.S. Marshals Service at the St. Francois County Sheriff's Department, 1550 Doubet Road, Farmington, MO 63640.

**IT IS FURTHER ORDERED** that Plaintiff's official capacity claims against defendants Matthew Yetman and A. Shutmate are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this  23rd day of September, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE