**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DONALD R. COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00776-SRC |
| ) | |
| MATTHEW YETMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## CASE MANAGEMENT ORDER (SCHEDULING ORDER) – TRACK 5: PRISONER CASE

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, the Court orders that the following schedule applies to this case. The Court will modify this schedule only upon a showing of exceptional circumstances. The Court orders the parties to review and comply with this case-management order and the undersigned's Judge's Requirements in their entirety.

**I.   SCHEDULING PLAN**

    A.    This case has been assigned to Track 5.

    B.    No later than **Thursday, January 30, 2025**, the parties must file any motions for joinder of additional parties or amendment of pleadings.

    C.    No later than **Thursday, January 30, 2025**, the parties must make the following disclosures:

        1.    Plaintiff must submit to Defendants a list, including addresses, of all persons having knowledge or information of the facts giving rise to Plaintiff's claim.

        2.    Plaintiff must submit to Defendants all documents that Plaintiff believes mention, relate to, or in any way support Plaintiff's claim.

       3.      Defendants must submit to Plaintiff a list of the names and home or business addresses of all persons having knowledge or information of the facts giving rise to Plaintiff's claim, subject to the following exception.  In the case of persons no longer employed by the relevant governmental or other entity, defense counsel may, in lieu of providing an address, state that the person may be contacted through defense counsel; Defendants must provide home and business addresses for such persons to the United States Marshal on an ex parte basis, if requested by the Marshal or ordered by the Court.

       4.      Defendants must provide a description, by category and location, of all documents that are relevant to the facts giving rise to Plaintiff's claim.  Defendants must, at his option, provide copies of the described documents to Plaintiff, or allow Plaintiff to inspect the documents and obtain copies, with the following exceptions.  Defendants need not produce individual files of other prisoners who are not parties to the action.  Defendants may object to the disclosure of documents by serving written objections upon Plaintiff, in lieu of producing the documents to which the objections apply.

Failure to make the above disclosures may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just.

D.      Following disclosure each party may engage in discovery under the Federal Rules of Civil Procedure but <u>all</u> discovery in this case must be completed by **Monday, June 30, 2025**.  Parties must file motions to compel in a prompt manner and in no event after the discovery deadline.

E.      Defendants are granted leave of Court, pursuant to Fed. R. Civ. P. 30(a), to take the deposition of Plaintiff, upon reasonable notice.

F.      The Court will not entertain any motion to stay discovery or disclosure based upon the defense of qualified immunity unless such a motion is accompanied or preceded by a detailed brief setting forth the specific factual and legal reasons (with appropriate case citations) why qualified immunity applies to this case.

G.      No later than **Wednesday, July 30, 2025,** the parties must file any motions for summary judgment.  Parties must file opposition briefs no later than **Friday, August 29, 2025**, and any reply briefs no later than **Monday, September 8, 2025**.  Failure to timely file a motion for summary judgment will waive a party's right to do so before trial.

This order specifically preempts any provision of local rule to the contrary.  The Court anticipates that if a party files a summary-judgment motion, the Court will not set the case for

– 3 –

trial until after ruling on the motion.  If no party files a motion for summary judgment by the date set above, the Court will set the case for trial.

So ordered this 2nd day of January 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE