UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD R. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00776-SRC |
| | ) | |
| MATTHEW YETMAN and ISAIAH A. SHUMATE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum and Order**

Donald Cook, a self-represented litigant, brings this action alleging an excessive-force claim against two police officers.  He argues that the officers arrested him, and—while transporting him to jail—stopped the transport and beat and tased him.  Defendants filed a motion for summary judgment.  For the reasons discussed below, the Court grants the motion.

I.      **Procedural Background**

Cook filed this 42 U.S.C. § 1983 lawsuit against the St. Francois County Sheriffs' Department and two of its officers, Matthew Yetman and Isaiah A. Shumate, in both their individual and official capacities.  Doc. 1 at 1–3 (The Court cites to page numbers as assigned by CM/ECF.).  Cook alleges that both officers arrested him and, while transporting him to jail, stopped the vehicle and physically assaulted him with their flashlights and tasers.  *Id.* at 3–4.  Cook claims that he suffered "severe head trauma and mental trauma," as well as chronic headaches, severe anxiety, and an inability to sleep.  *See id.* at 4.

When reviewing Cook's Complaint under 28 U.S.C. § 1915(e)(2), the Court found that it "contain[ed] enough factual allegations to state a claim of excessive force on arrest against Yetman and Shu[]mate in their individual capacities."  Doc. 6 at 6 (citing *Blazek v. City of Iowa*

*City*, 761 F.3d 920, 925 (8th Cir. 2014)).  The Court dismissed Cook's remaining claims against the Department, Yetman, and Shumate.  *Id.* at 7–8.

After Yetman and Shumate filed an answer, doc. 14, the Court entered its Case Management Order, doc. 19.  Defendants then timely moved for summary judgment, doc. 24, and filed a joint statement of uncontroverted material facts, doc. 26.  After Cook missed his deadline to respond to Defendants' motion, the Court ordered Cook to show cause by September 26, 2025, why he did not file a timely response, and why the Court should not summarily grant Defendants' summary judgment motion or dismiss the case for his failure to prosecute.  Doc. 28.  The Court also told Cook to file any response he had to Defendants' motion by September 26, 2025.  *Id.*

September 26 came and went, and Cook has still not complied with the Court's show-cause order.  Local Rule 4.01(E) provides that "[a]ll matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."  E.D.Mo. L.R. 4.01(E); *Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 579 (8th Cir. 2006) (finding that applying Local Rule 4.01(E) to deem uncontroverted facts admitted is not an abuse of discretion).  Because Cook did not respond to Defendants' Motion for Summary Judgment, doc. 24, and did not respond to the Court's Show-Cause Order, doc. 28, the Court deems admitted the supported facts in Defendants' Joint Statement of Uncontroverted Material Facts, doc. 26.  *See* E.D.Mo. L.R. 4.01(E); *Reasonover*, 447 F.3d at 579.

However, an opponent's failure to respond to a proponent's motion does not automatically "dispose of the motion."  *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997).  Instead, courts must still "examine those portions of the record properly before them and decide for themselves whether the motion is well taken."  *Id.*

2

## II.    Factual Background

On December 12, 2022, Cook and his cousin Amanda Wilson were using methamphetamine while driving around in a stolen truck.  Doc. 26 at ¶ 1; doc. 26-1, Donald Cook Depo. Tr. at 13:2–14:23; doc. 26-2, Amanda Wilson Depo. Tr. at 15:4–16:8, 38:7–38:22. Then, law enforcement attempted to stop them, but Cook and Wilson drove off, starting a vehicular and foot pursuit by law enforcement.  Doc. 26 at ¶¶ 2–3; doc. 26-1, Donald Cook Depo. Tr. at 14:23–16:16; doc. 26-2, Amanda Wilson Depo. Tr. at 16:22–20:15.  Officers eventually arrested Cook and Wilson, placed them in different patrol vehicles, and transported them to St. Francois County Jail.  Doc. 26 at ¶¶ 3–4; doc. 26-1, Donald Cook Depo. Tr. at 17:12–18:1, 19:13–19:25; doc. 26-2, Amanda Wilson Depo. Tr. at 21:2–23:12.

However, on the way to the jail, both vehicles stopped, and two police officers, who Cook claims are Yetman and Shumate, doc. 1 at 1–4, beat and tased Cook while he was restrained in his vehicle's back seat.  Doc. 26 at ¶ 5; doc. 26-1, Donald Cook Depo. Tr. at 20:1–27:7; doc. 26-2, Amanda Wilson Depo. Tr. at 24:7–29:25.  Cook cannot identify the two officers who attacked him.  Doc. 26 at ¶ 6; doc. 26-1, Donald Cook Depo. Tr. at 18:9–18:21, 33:1–33:18, 59:18–59:23, 61:15–61:17.  However, he sues Yetman and Shumate because their names appeared in the police reports associated with the incident.  Doc. 26-1, Donald Cook Depo. Tr. at 59:18–59:23.  Defendant Shumate was not present at the scene of this alleged assault and did not assault Cook.  Doc. 26 at ¶ 7; doc. 26-3 at ¶¶ 13–16.

## III.    Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In ruling on a motion for summary judgment, the Court is required "to view the evidence in the light most favorable to the non-

3

moving party" and must give that party "the benefit of all reasonable inferences to be drawn from the underlying facts." *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the initial burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 & n.4 (1986); Fed. R. Civ. P. 56(a). "A fact is material if it may affect the outcome of the suit," and "[a]n issue is genuine if the evidence is sufficient to persuade a reasonable jury to return a verdict for the nonmoving party." *Erickson v. Nationstar Mortg., LLC*, 31 F.4th 1044, 1048 (8th Cir. 2022) (cleaned up).

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Self-serving, conclusory statements without support are insufficient to defeat summary judgment. *See Armour & Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV.    Discussion

The Court now addresses the merits of Defendants' motion. Doc. 24. They argue that they are entitled to summary judgment because "Cook cannot identify the officers who assaulted him," and because "Shumate was not even at the scene of the incident." Doc. 25 at 3–5.

Defendants argue that "[t]he law under 42 U.S.C. § 1983 is clear that there must be a connection linking the violation to the defendant responsible for the violation of plaintiff's rights." Doc. 25 at 4. To support this proposition, they cite *Briscoe v. St. Louis County*, which

4

states, "[i]t is not enough to prove that the plaintiff's rights were violated.  To prevail in a § 1983 action, the plaintiff must also prove that the defendant was directly involved in the conduct that deprived plaintiff of his rights."  No. 4:08-cv-01717-CEJ, 2010 WL 3905339, at *3 (E.D. Mo. Sept. 27, 2010).  Defendants argue that because "Cook is unable to identify that either of the Defendants . . . participated" in beating and tasing him, "[h]e has no proof that either [d]efendant violated his constitutional rights."  Doc. 25 at 4.  Therefore, "summary judgment should be granted in [their] favor."  *Id.*

"Liability under § 1983 requires a causal link to . . . the deprivation of [plaintiff's] rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir.1990) (citations omitted).  This is because "[section] 1983 liability is personal."  *White v. Jackson*, 865 F.3d 1064, 1080 (8th Cir. 2017) (quoting *Doran v. Eckold*, 409 F.3d 958, 965 (8th Cir. 2005) (en banc)).  A plaintiff need not "be able to personally identify his assailants to avoid summary judgment."  *Id.*  But "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation."  *Id.* (citation omitted); *see also Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009) (noting that a plaintiff "must establish that [the defendant] was personally involved in, or directly responsible for" the plaintiff's harm).

As discussed above, the Court deems admitted the fact that Cook cannot identify the officers whom he claims beat and tased him.  Doc. 26 at ¶ 6; doc. 26-1, Donald Cook Depo. Tr. at 18:9–18:21, 33:1–33:18, 59:18–59:23, 61:15–61:17.  Shumate was not even present at the scene and did not assault Cook.  Doc. 26 at ¶ 7; doc. 26-3 at ¶¶ 13–16.  The Court agrees with Defendants that Cook "has no proof that either [d]efendant violated his constitutional rights."  Doc. 25 at 4.  Cook claims that Yetman and Shumate's names appeared in the police reports associated with the incident, and that Defendants were his "arresting officers."  Doc. 26-1, Donald Cook Depo. Tr. at 59:18–59:23.  But this police report is not in the record, and Cook

agreed that "the only reason why [he] named Yetman and Schumate [sic] was because of their names in the police reports." *Id.* While Cook claims that Defendants were responsible for transporting him, he does so only by extrapolating from their names being in the police report to their being his transport drivers, but no evidence in the record supports this extrapolation. *Id.*

Cook alleges serious injuries, to be sure. But Cook failed to identify, both in his deposition or otherwise, who injured him. *See* doc. 26-1. And he failed to respond to Defendants' Motion and their statement of facts in support. On this record, the Court must grant the motion. *Reasonover*, 447 F.3d at 579; *White*, 865 F.3d at 1080–81; *Dahl*, 580 F.3d at 733.

## V.      Conclusion

Accordingly, the Court grants Defendants' [24] Joint Motion for Summary Judgment. A separate Judgment accompanies this Memorandum and Order.

So ordered this 17th day of March 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE